UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**MONTIE B. MONTGOMERY**  **CIVIL ACTION NO. 5:13-CV-2369**
**LA. DOC #412020**

**SECTION  P**

**VERSUS**  **JUDGE DONALD E. WALTER**

**WARDEN JERRY GOODWIN**  **MAGISTRATE JUDGE HAYES**

REPORT AND RECOMMENDATION

On July 29, 2013, *pro se* Petitioner Montie B. Montgomery, an inmate in the custody of Louisiana's Department of Corrections, filed the instant Petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  [doc. # 1].  Petitioner attacks his 2007 conviction for possession of cocaine, his subsequent adjudication as a habitual felony offender, and the hard labor sentence imposed by the Twenty-Sixth Judicial District Court, Webster Parish.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.  For reasons assigned below, it is recommended that the Petition, [doc. # 1], be **DENIED**.

Background

The underlying facts in this case have been set forth by the Louisiana Second Circuit Court of Appeal as follows:

> On November 25, 2005, Lieutenant Dan Weaver of the Minden Police Department met with confidential informant, Daran Adams, to discuss the purchase of illegal narcotics from [Petitioner]. Adams had known [Petitioner] for ten years and he contacted him by phone to set up the sale. Prior to the transaction with [Petitioner], Adams and his vehicle were searched to ensure that the confidential informant had no illegal crack cocaine or money on him. Adams was fitted with a wire and given $1,000 to buy crack cocaine from [Petitioner]. Adams met with [Petitioner] at a house belonging to Tominesia Sheppard and purchased $1,000 worth of crack

>cocaine from [Petitioner]. Before Adams left the residence, [Petitioner] gave him eight additional rocks of crack cocaine and instructed Adams to sell it so that the two of them would have drinking money that same night. After the drug transaction was completed, Adams returned directly to Lieutenant Weaver at a pre-arranged location wherein the drugs were turned over to Lieutenant Weaver. A crime lab determined the weight of the cocaine without the bag to be 29.28 grams.

*State v. Montgomery*, 974 So. 2d 110, 115 (La. App. 2 Cir. 2008).

On March 31, 2006, Petitioner was charged by bill of information with one count of possession of cocaine in excess of 28 grams and one count of conspiracy to distribute cocaine. [doc. # 11-1, p. 10]. On March 14, 2007, a jury found Petitioner guilty as charged on both counts. *Id.* at 33-36. On May 21, 2007, the trial court sentenced him to 28 years at hard labor on the possession charge and 14 years at hard labor on the conspiracy charge, with the sentences ordered to run concurrently. *Id.* at 452.

On August 20, 2007, Petitioner appealed, raising the following claims: (1) sufficiency of the evidence; (2) racially discriminatory exercise of peremptory challenges by the State; (3) failure to grant a challenge for cause as to Juror Hughes; (4) failure to grant a mistrial based on alleged misconduct by the jury and the State; (5) excessiveness of sentence; and (6) trial court error in failing to allow the jury to view a videotape of the alleged drug transaction during jury deliberations. *Id.* at 469. On January 9, 2008, the Second Circuit Court of Appeal affirmed Petitioner's convictions and sentences. *Id.* at 510; *Montgomery*, 974 So. 2d at 125.

On August 24, 2007, while Petitioner's appeal was pending, the State filed a second bill of information charging Petitioner as a four-time habitual offender. [doc. # 1-2, p. 60]. The trial court, having found Petitioner to be a habitual felony offender, vacated Petitioner's original sentence and re-sentenced him to concurrent terms of 55 years on the first count (possession of

cocaine) and 25 years on the second count (conspiracy to distribute cocaine).  *See State v. Montgomery*, 31 So. 3d 560, 561 (La. App. 2 Cir. 2010).  Petitioner then appealed his adjudication as a second felony offender and the attendant enhanced sentences.  On January 27, 2010, the Second Circuit Court of Appeal again affirmed his conviction and sentences.  *Id.* at 566.  On September 24, 2010, the Louisiana Supreme Court denied Petitioner's writ application without comment.  *State v. Montgomery*, 45 So. 3d 1073 (La. 2010).  Petitioner did not seek further direct review in the United States Supreme Court.

On September 23, 2011, Petitioner filed an application for post conviction relief in the trial court, raising the following claims: (1) ineffective assistance of trial and appellate counsel based on counsels' failure to challenge the sufficiency of the evidence with regard to the conspiracy conviction; (2) improper closing argument by the prosecutor (and ineffective assistance of counsel for failing to object to the improper argument), and (3) ineffective assistance of counsel based on counsel's failure to challenge improper comments made by the judge during the jury instructions.  [doc. # 1-2, p. 28-79].  On April 26, 2012, the trial court denied relief.  *Id.* at 90-95.  On June 29, 2012, Petitioner sought further collateral review in the Second Circuit Court of Appeal.  *Id.* at 1.  On August 23, 2012, the Second Circuit denied Petitioner's application for relief.  [doc. # 6-1, p. 27].  However, on March 15, 2013, the Louisiana Supreme Court granted petitioner's writ application in part and vacated Petitioner's conviction and sentence for conspiracy to distribute cocaine.  *Id.* at 41; *State ex rel. Montgomery v. State*, 109 So. 3d 371 (La. 2013).  The court held: "The state presented constitutionally insufficient evidence to sustain the conspiracy to distribute cocaine conviction because [Petitioner] could not enter into an agreement with the state agent with whom he negotiated the

illegal drug sale." *Id.* The court denied Petitioner's application with regard to the possession charge. *Id.*

Petitioner filed the instant Petition on July 29, 2013, requesting relief for the following claims: (1) denial of due process due to prosecutorial misconduct; (2) denial of due process due to an improper jury instruction; and (3) ineffective assistance of counsel. [doc. # 1-1].

## Law and Analysis

### I.     Standard of Review – 28 U.S.C. § 2254

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2254, governs *habeas corpus* relief. The AEDPA limits how a federal court may consider *habeas* claims. After the state courts have "adjudicated the merits" of an inmate's complaints, federal review "is limited to the record that was before the state court[.]" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). An inmate must show that the adjudication of the claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). "The 'contrary to' requirement refers to holdings, as

opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 740. Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741.

Section 2254(d)(2) speaks to factual determinations made by the state courts. Federal courts presume such determinations to be correct; however, the petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## II. Petitioner's Claims

A. Claim One: Prosecutorial Misconduct

Petitioner claims that he was denied due process of the law due to the prosecutor's improper comments during closing argument. [doc. # 1-1, p. 1]. Petitioner takes issue with two different comments made by the prosecutor. *Id.* at 1-2.

"When a *habeas* petitioner alleges a generic due process violation based on improper prosecutorial comments, a reviewing court must determine whether the remarks, 'in the context of the entire trial, were sufficiently prejudicial to violate [the petitioner's] due process rights.'" *Mosby v. Cain*, 2012 WL 6651920, at *8 (M.D. La. Nov. 26, 2012) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 639 (1974)). The remarks must be more than simply "undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). A petitioner may obtain relief only if "the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (citing *Donnelly*, 416 U.S. at 694). "The prosecutor's remarks do not present a claim of constitutional significance unless they were

so prejudicial that [the petitioner's] state court trial was rendered fundamentally unfair within the meaning of the Fourteenth Amendment." *Rushing v. Butler*, 868 F.2d 800, 807 (5th Cir. 1989) (citing *Kirkpatrick v. Blackburn*, 777 F.2d 272, 281 (5th Cir. 1985)). A trial is fundamentally unfair only if the prosecutor's remarks evince either persistent or pronounced misconduct, or the evidence was so insubstantial that in all probability but for the remarks the petitioner would not have been convicted. *Id.* When attacked, the prosecutor's remarks are not considered in isolation, they are considered in the context of the entire trial, including the prosecutor's closing argument. *Id.*

Courts apply a two-step analysis to claims of prosecutorial misconduct. *U.S. v. Insaulgarat*, 378 F.3d 456, 461 (5th Cir. 2004). In the first step, courts must assess whether the prosecutor's comments were improper. *Id.* If the comments were improper, courts must then ask whether the comments prejudiced Petitioner. *Id.* The prejudice inquiry sets a high bar:

> Improper prosecutorial comments constitute reversible error only where the defendant's right to a fair trial is substantially affected. A criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone. The determinative question is whether the prosecutor's remarks cast serious doubt on the correctness of the jury's verdict.

*U.S. v. Holmes*, 406 F.3d 337, 356 (5th Cir. 2005) (internal citations omitted). Further, courts look to three factors in deciding whether any misconduct casts serious doubt on the verdict: "(1) the magnitude of the prejudicial effect of the prosecutor's remarks, (2) the efficacy of any cautionary instruction by the judge, and (3) the strength of the evidence supporting the conviction." *U.S. v. Mares*, 402 F.3d 511, 515 (5th Cir. 2005).

    i. The Prosecutor's First Remark

First, Petitioner argues that the prosecutor improperly bolstered the credibility of a

testifying witness. *Id.* During closing argument, the prosecutor stated the following with regard to witness Daran Adams: "I saw him testify. To me he looked very credible. And I don't think he, you know, mistold you anything." [doc. # 11-1, p. 401]. Defense counsel objected to the comments and moved for a mistrial. *Id.* The trial court denied counsel's motion. *Id.* at 403-404.[1]

To begin with, the prosecutor's comments about the credibility of the witness were arguably improper. *See U.S. v. Young*, 470 U.S. 1, 18-19 (1985) (stating that when a prosecutor vouches for the credibility of a witness, his opinion "carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather that its own view of the evidence."); *U.S. v. Gracia*, 522 F.3d 597, 600 (5th Cir. 2008) ("A prosecutor may argue fair inferences from the evidence that a witness has no motive to lie, but cannot express a personal opinion on the credibility of witnesses."). However, even supposing that the comments were indeed constitutionally improper, this Court cannot say that, in the context of the entire trial, the comments cast serious doubt on the correctness of jury's verdict. Although there were no cautionary instructions given[2], the comments were not inherently prejudicial. Moreover, any

---

[1] The trial court, on collateral review, found that Petitioner's challenge to these comments was procedurally barred because the challenge was already litigated on appeal. The court undoubtedly relied on La. Code. Crim. Proc. Ann. art. 930.4(A) in so finding. Article 930.4(A) reads: "Unless required in the interest of justice, any claim for relief which was fully litigated in an appeal . . . shall not be considered." The procedural bar imposed by Article 903.4(A) "is not a procedural bar in the traditional sense nor is it a decision on the merits." *Bennett v. Whitley*, 41 F.3d 1581, 1583 (5th Cir. 1994). For this reason, the bar does not preclude *habeas* review of Petitioner's claim. This Court simply "look[s]–through" the ruling on collateral review and considers only the direct appeal proceedings. *Id.* at 1582-83.

[2] There were no cautionary instructions given immediately after the comment. However, the court's jury instructions did include the cautionary instruction: "You alone shall determine the weight and credibility of the evidence. As the sole judges of the credibility of witnesses and

7

potential prejudicial effect was, without doubt, mitigated by the overwhelming evidence of Petitioner's guilt presented at trial.  In other words, the reliability of this one witness was not solely determinative of Petitioner's guilt.  In short, the Court cannot say that, in all probability, but for the remarks Petitioner would not have been convicted.  Petitioner's claim should be **DENIED**.

> ii. The Prosecutor's Second Remark

Petitioner also takes issue with the following comments:

> On behalf of the State we ask you to make [Petitioner] accept responsibility for his actions.  No matter where you live, you don't want drugs in your neighborhood.  People complain about drugs in our society and the problems that they cause.  Drug dealers, the big ones, are the king pins of the drug problem.  We deal with drug dealers one case at a time. The police did their job in investigating the case and making the arrest of [Petitioner]. We have done our best, I've done my best to present the evidence to you without wasting your time. It is now your job to make the defendant accept responsibility for his actions.
>
> * * *
>
> We're asking for you to do the right thing and give justice to society, guilty as charged on both counts.

*Id.* at p. 412, 433-34.  Petitioner does not explain why the comments are improper.

Although Petitioner fails to elaborate on this claim, the Court does find some impropriety in the prosecutor's statement, "It is now your job to make the defendant accept responsibility for his actions."  In *Young*, 470 U.S. at 18, the Supreme Court held that a prosecutor was "in error to try to exhort the jury to 'do its job' . . . ."  The Court reasoned, "that kind of pressure . . . has no place in the administration of criminal justice . . . ." *Id.*  The Fifth Circuit, similarly, viewed the

---

of the weight their testimony deserves, you should carefully scrutinize the testimony given and the circumstances under which the witness has testified." [doc. # 11-1, p. 20].  In addition, the judge cautioned, "Statements and arguments made by the attorneys are not evidence."  *Id.* at 21.

following prosecutorial statements as improper: "every one of you said that if the law and the evidence showed you that it was just and right to vote for the death penalty, that you would do your job and vote that way. . . . Your job is to deliver justice . . . ." *U.S. v. Ebron*, 683 F.3d 105, 147 (5th Cir. 2012). However, the *Ebron* court went on to hold, "[e]ven if we were to . . . conclude that these references were plainly improper . . . [the defendant] was not prejudiced by the prosecution's use of the phrase 'your job.'" *Id.* The court stated further, "[w]hen the challenged phrase is considered in the context of the prosecution's argument as a whole and evaluated in light of the evidence presented by the government, we see no reasonable probability that the result of [the defendant's] sentencing proceeding would have been different but for the government's use of the challenged phrase." *Id.* at 147-148.

Here, even conceding that the prosecutor's statements were improper, the Court, as the *Ebron* court did, finds that there is no reasonable probability that the result of Petitioner's trial would have been different but for the prosecutor's comments. Considering the strength of the evidence supporting Petitioner's guilt, as well as the remarks in the context of the prosecutor's entire argument, the Court cannot say that the remarks so infected the trial with unfairness as to make Petitioner's resulting conviction a denial of due process. Petitioner's claim should be **DENIED**.[3]

B. Claim Two: Improper Jury Instructions

---

[3] In his traverse, Petitioner challenges an additional five sets of prosecutorial remarks that he did not challenge in his original Petition. [doc. # 12, p. 2]. Petitioner fails to brief or elaborate on these allegations. The Court's independent review of the record supports the finding that there is no probability that Petitioner would have been exonerated but for these remarks. To the extent that these new allegations relate back to the filing of the original Petition and are not barred by the statute of limitations set forth in 28 U.S.C.A. § 2244(d)(1), the Court finds that they have no merit and should be **DENIED**.

Petitioner next contends that the trial judge erred by giving the following instruction: "A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control." [doc. #s 1-1, p. 2; 11-1, p. 22].

It is well settled that improper jury instructions in state criminal trials do not generally provide a basis for federal *habeas* relief. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). In order for a jury instruction by a state court to warrant federal *habeas* relief, the petitioner must show not only that the instruction given was erroneous, but also that it resulted in prejudice of a magnitude so severe that his due process right was violated. *Cupp v. Naughten*, 414 U.S. 141, 146 (1973); *Sullivan v. Blackburn*, 804 F.2d 885, 887 (5th Cir. 1986).

Here, Petitioner does not contend that the instruction, standing in isolation, is erroneous; rather, he makes a muddled–and at times nonsensical–claim that the instruction inadvertently and improperly highlighted a particular witnesses's testimony. Nevertheless, the Court need not delve into Petitioner's convoluted argument because the Court finds no error in the instruction. Under Louisiana law, it is clearly established that "[c]onstructive possession depends on dominion and control over the drugs, even in the absence of physical possession." *State v. Russell*, 73 So. 3d 991, 996 (La. App. 2 Cir. 2011) (citing *State v. Harris*, 647 So. 2d 337, 338-39 (La. 1994). The court's instruction is indistinguishable from the definition of constructive possession as written by the Louisiana courts. Accordingly, as the instruction was not erroneous, the Court finds no basis for holding that the trial court's instruction was constitutionally deficient; therefore, it is recommended that Petitioner's claim be **DENIED**.

C. Claim Three: Ineffective Assistance of Counsel

Petitioner's final claim alleges that his trial counsel was ineffective for failing to object to

the improper jury instruction set forth above in Claim Two, [doc. # 1-1, p. 12], and for failing to object to the prosecutor's improper comments as set forth above in Claim One, [doc. # 6, p. 16-17].

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2254. *See Clark v. Thaler*, 673 F.3d 410 (5th Cir. 2012); *Amos v. Thornton*, 646 F.3d 199 (5th Cir. 2011). Substandard advice of counsel rises to a constitutional violation only if the substandard conduct deprives the petitioner of his constitutional right to a fair trial or deprives the petitioner of some other constitutional right. *Strickland v. Wash.*, 466 U.S. 668, 686-87 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's actions fell below an objective standard of reasonableness and that the ineffectiveness of counsel prejudiced him. *Id.*

If the petitioner does not make a sufficient showing as to one prong of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). The prongs of the test also need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997). Furthermore, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998).

In applying the first prong of *Strickland*, a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *See Strickland*, 466 U.S. at 689-90. The petitioner must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Id.* at 690; *Ward v. Whitley*, 21 F.3d 1355 (5th Cir. 1994).

To establish prejudice, the second prong, the petitioner must demonstrate that counsel's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *U.S. v. Saenz-Forero*, 27 F.3d 1016, 1021 (5th Cir. 1994); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *see also Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995). Accordingly, counsel cannot be ineffective for failing to raise a meritless claim, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), and prejudice generally exists only if the defendant demonstrates that he would have received less jail time. *U.S. v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

Here, with regard to the challenged jury instruction, the Court notes that counsel is not required to make futile motions or objections. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). With that in mind, any objection to the jury instruction would have been futile because, as explained above in Claim Two, the jury instruction was entirely consistent with Louisiana law. Consequently, counsel did not render ineffective assistance by failing to object.

With regard to the challenged prosecutorial comments, the Court finds, as it did above in Claim One, that the comments did not prejudice Petitioner. In other words, the Court cannot conclude that, but for counsel's failure to object, the result of the proceeding would have been different.

Accordingly, as counsel was not ineffective for failing to object to the prosecutor's remarks or to the court's jury instruction, these two claims of ineffective assistance should be **DENIED**.

**Conclusion**

For the reasons stated above, **IT IS RECOMMENDED** that the Petition for *habeas corpus* filed by Petitioner Montie B. Montgomery, [doc. # 1], be **DENIED and DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum**

**setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

      THUS DONE AND SIGNED at Monroe, Louisiana, this 30th day of January, 2014.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE